COPY

1  JAN L. POCATERRA (SBN 134247),
   jpocaterra@selmanbreitman.com
2  ANGELA ZANIN-WOG (SBN 229149),
   azaninwog@selmanbreitman.com
3  SELMAN BREITMAN LLP
   11766 Wilshire Boulevard, Sixth Floor
4  Los Angeles, CA 90025
   Telephone:  (310) 445-0800
5  Facsimile:   (310) 473-2525

6  Attorneys for Plaintiff
7  TITAN INDEMNITY COMPANY

FILED
2013 MAR -6 PM 3: 43
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA

11  TITAN INDEMNITY COMPANY, a        CASE NO. CV13-01619-SY
    Texas corporation,
12                                    COMPLAINT FOR RESCISSION
                Plaintiff,            AND DECLARATORY RELIEF
13
14       v.
15  MOSES COOPER, an individual, and
    LATOYA COOPER, an individual,
16
                Defendants.

17       Plaintiff TITAN INDEMNITY COMPANY (hereinafter "Titan" or
18  "plaintiff") complains as follows:
19                      **GENERAL ALLEGATIONS**
20                           **The Parties**
21       1.   Titan is incorporated under the State of Texas, with its principal place
22  of business in the State of Ohio, and is authorized to do business and is doing
23  business as an insurer in the County of Los Angeles, State of California.
24       2.   Titan is informed and believes and thereon alleges that defendant
25  MOSES COOPER is an individual residing in the County of Los Angeles, State of
26  California and doing business as a tow truck driver in the County of Los Angeles,
27  State of California.
28

Selman Breitman LLP
ATTORNEYS AT LAW

559155.1 1014.33880

1

3. Titan is informed and believes and thereon alleges that defendant LATOYA COOPER is an individual residing in the County of Los Angeles, State of California.

### Nature of the Action

4. An actual controversy of a judicial nature exists between plaintiff and defendants involving the parties' rights and liabilities under a contract of liability insurance. The construction of said policy and the controversy existing between plaintiff and defendants may be determined by a judgment of this court.

### Jurisdiction and Venue

5. This court has jurisdiction over this action pursuant to 28 U.S.C. section 1332 in that the plaintiff is diverse from the defendants, and the matter in controversy exceeds $75,000, exclusive of interests and costs. The venue is proper under 28 U.S.C. section 1391 because defendants are subject to personal jurisdiction in this district.

### FACTUAL ALLEGATIONS

### The Titan Policy Application

6. On or about March 2, 2011, Moses Cooper submitted a "California Commercial Auto Application" to Titan, seeking a business auto policy from Titan for his 1991 Ford F Super Duty Truck ("tow truck").

7. In particular, Moses Cooper represented on the Application that his mailing address, business address, and the garaging address of the tow truck was 11638 Biltmore Avenue, Lake View Terrace, California, 91342.

8. In connection with his Application, Moses Cooper, reviewed and signed a statement that said, "I agree that such policy will be null and void if any information is false, misleading, or would materially affect acceptance of the risk. False or misleading information includes providing a false garaging address."

9. Moses Cooper also signed a "GARAGING LOCATION AND DRIVER AFFIDAVIT" in connection with his Application, which is attached as

Exhibit A, and states:

> GARAGING LOCATION AND DRIVER AFFIDAVIT
>
> The applicant acknowledges that the accurate reporting of Garaging Address(es) and Driver Information on the application for insurance is significant and important to the insurance company in making a decision to extend an offer of insurance to me.
>
> PROVIDING A FALSE GARAGING LOCATION OR FAILURE TO DISCLOSE ALL DRIVERS MAY RESULT IN THE CLAIM BEING DENIED.
>
> The applicant affirms that the Garaging Address(es) listed in the application is/are accurate.

10. Based on the representations by Moses Cooper in his Application, Titan issued a California Business Auto Policy, policy number 9493986-1, effective March 2, 2012 to March 2, 2013, to Moses Cooper ("Titan policy").

11. Titan is informed and believes, and thereon alleges that, Named Insured, Moses Cooper, did not garage his tow truck at 11638 Biltmore Avenue, Lake View Terrace, California, 91342, at the time he completed the Application and/or thereafter during the Titan policy period.

12. Titan is informed and believes, and thereon alleges that, Moses Cooper actually garaged his tow truck at 1728 W. 65th Place, Los Angeles, California, 90047, at the time he completed the Application and/or thereafter during the Titan policy period, which is over 30 miles from the Biltmore Avenue address in Lake View Terrace, California, in and around Sylmar, California.

13. Titan agreed to issue the Titan policy and computed the premium for the Titan policy covering the tow truck based on Moses Cooper's representation that he garaged his tow truck at 11638 Biltmore Avenue, Lake View Terrace, California 91342.

14. Had Titan known that Moses Cooper actually garaged his tow truck at 1728 W. 65th Place, Los Angeles, California, 90047, rather than at 11638 Biltmore Avenue, Lake View Terrace, California, 91342, a different premium would have been charged based on underwriting statistics related to loss costs analysis of the severity and frequency of automobile accidents in these respective areas of Los Angeles County.

15. Titan is informed and believes, and thereon alleges that, Moses Cooper made material misrepresentations on his Application for the Titan policy about the garaging location of his tow truck.

### Titan Policy Terms

16. The Titan business auto policy was issued under form CA52CVP1001010, and **Section IV -- Business Auto Conditions** provides, in relevant part:

> **We** will pay all sums, within **our** Liability Coverage Limit of Insurance, an **insured** legally must pay as damages, other than punitive or exemplary damages, because of **bodily injury** or **property damage** to which this insurance applies …
>
> 2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS
>
> **We** have no duty to provide coverage under this Policy unless there has been full compliance with the following duties:
>
> a. In the event of **accident**, claim, **suit, loss, you** must give **us** or **our** authorized representative prompt notice of the **accident** or **loss** …
>
> b. Additionally, **you** and any other involved **insured** must: …

4

    3) Cooperate with **us** in the investigation, settlement or defense of the claim or **suit**.

    4) Authorize **us** to obtain medical records or other pertinent information....

17. In addition, Section IV -- Business Auto Conditions states:

CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Form is void in any case of fraud by **you** at any time, before or after a **loss**, as it relates to this Coverage form. It is also void if **you** or any other **insured**, at any time, intentionally conceal or misrepresent a material fact concerning:

    a.    This Coverage Form;

    b.    The **covered auto**;

    c.    **Your** interest in the **covered auto**;

    d.    A claim under this Coverage Form.

18. The Titan policy is endorsed with California Uninsured Motorist Coverage-Bodily Injury, which provides:

A. COVERAGE

1. **We** will pay all sums the **insured** is legally entitled to recover as compensatory damages from the owner or driver of an **uninsured motor vehicle**. The damages must result from **bodily injury** sustained by the **insured** caused by an **accident**...

B. WHO IS AN INSURED

If the Named Insured is designated in the Declarations as:

An individual, then the following are **insureds**:

a. The Named Insured and any **relatives**....

                \*    \*    \*

///

F. Additional Definitions

The following are added to the **Definitions** Section:

1. **Relative** means the individual Named Insured's spouse, whether or not a resident of the individual Named Insured's household, and any other person related to such Named Insured by blood, adoption, marriage or registered domestic partnership under California law, who is a resident of such Named Insured's household, including a ward or foster child.

\* \* \*

**ARBITRATION**

A. If **we** and an **insured** disagree whether the **insured** is legally entitled to recover damages from the owner or driver of an **uninsured motor vehicle** or do not agree as to the amount of damages that are recoverable by that **insured**, the disagreement will be settled by arbitration. Such arbitration may be initiated by a written demand for arbitration made by either party. The arbitration shall be conducted by a single neutral arbitrator. However, disputes concerning coverage under this **endorsement** may not be arbitrated. Each party will bear the expenses of the arbitrator equally.

### The Underlying Claim

19. Titan is informed and believes, and thereon alleges that, on or about May 28, 2012, defendant Latoya Cooper was involved in a traffic collision at the intersection of 79th Street and Broadway in the City of Los Angeles ("Collision").

20. Titan is informed and believes, and thereon alleges that, Latoya Cooper was the passenger in an automobile driven by Brittany Nicole Penrow ("Penrow

6

vehicle") at the time of the Collision, and that the Penrow vehicle collided with a vehicle driven by Markese Coloca ("Coloca vehicle").

21. Titan is informed and believes, and thereon alleges that, Latoya Cooper claims personal injuries as a result of the Collision.

22. Titan is informed and believes, and thereon alleges that, defendants claim the Penrow vehicle was an uninsured vehicle.

23. Titan is informed and believes, and thereon alleges that, defendants claim the Coloca vehicle was an uninsured vehicle.

24. Titan is informed and believes, and thereon alleges that, Latoya Cooper did not reside with Named Insured, Moses Cooper, at the time of the Collision.

25. On November 11, 2012, defendant Latoya Cooper tendered her claim for alleged personal injuries as a result of the Collision to Titan under the Uninsured Motorist Coverage of the Titan policy issued to Moses Cooper, claiming she qualified as an Insured under the Titan policy since she is the daughter of Named Insured, Moses Cooper.

26. Despite repeated attempts by Titan to obtain further information from Latoya Cooper regarding her alleged injuries and alleged medical treatment as a result of the Collision, Latoya Cooper has refused to submit an executed Authorization for Medical Records to Titan and refused to agree to an Examination Under Oath to provide Titan with necessary information to evaluate her claim. Titan is informed and believes, and thereon alleges that, these refusals are violations of the cooperation provisions in the Titan policy issued to Moses Cooper.

27. On February 6, 2013, defendant Latoya Cooper sent a demand for arbitration of her claim to Titan under the Uninsured Motorist Coverage of the Titan policy. Said demand was not in compliance with California Insurance Code section 11580.2(f), thus, it failed to trigger obligations under the arbitration provision of the Titan policy.

///

## FIRST CAUSE OF ACTION

### Against Defendant Moses Cooper

### (Rescission)

28. Plaintiff refers to paragraphs 1 through 27, inclusive, and by reference makes them a part hereof.

29. Titan is informed and believes, and thereon alleges that, Defendant Moses Cooper materially misrepresented the garaging location of his tow truck as 11638 Biltmore Avenue, Lake View Terrace, California 91342 in his Application for insurance with Titan.

30. Titan is informed and believes, and thereon alleges that, Defendant Moses Cooper actually garaged his tow truck at 1728 W. 65th Place, Los Angeles, California, 90047, at the time he completed the Application and/or thereafter during the Titan policy period.

31. Titan issued the Titan policy and computed the premium for the Titan policy based on Moses Cooper's representation that he garaged his tow truck at 11638 Biltmore Avenue, Lake View Terrace, California, 91342.

32. Had Titan known that Moses Cooper garaged his tow truck at 1728 W. 65th Place, Los Angeles, California, 90027, a different premium would have been charged based on underwriting statistics related to loss costs analysis of the severity and frequency of automobile accidents in these respective areas of Los Angeles County.

33. Titan issued the business auto policy in reasonable reliance upon Moses Cooper's misrepresentations and became entitled to rescind the Titan policy from the date of its issuance.

34. This complaint provides notice of rescission of the Titan policy to both defendant Moses Cooper and defendant Latoya Cooper as rescission will render Ms. Cooper's claim null and void.

35. If the court finds that there are adequate grounds for rescission of the

Titan policy, Titan intends to return all premiums paid in consideration for issuance of the Titan policy.

## SECOND CAUSE OF ACTION

### Against Defendant Latoya Cooper

**(Declaratory Relief Concerning Cooperation Clause Under Titan Policy)**

36. Plaintiff refers to paragraphs 1 through 35, inclusive, and by reference makes them a part hereof.

37. There is at present a controversy between Titan and Defendant Latoya Cooper as follows: Titan contends defendant Latoya Cooper has refused to "Cooperate with **us** in the investigation, ... of the claim or **suit**," and refused to "Authorize **us** to obtain medical records or other pertinent information" in violation of the Titan policy terms. Titan is informed and believes, and thereon alleges that, defendant Latoya Cooper contends otherwise.

38. Accordingly, Titan requests this court to declare that defendant Latoya Cooper's claim regarding the Collision does not qualify for coverage under the Titan policy as this defendant has refused to cooperate with Titan as the policy requires.

39. Additionally, Titan requests this court to declare that Titan has, and had, no obligations whatsoever under the Titan policy to either defendant with respect to the claim by Latoya Cooper in connection with the Collision due to violation of the cooperation provisions of the policy.

## THIRD CAUSE OF ACTION

### Against Defendant Latoya Cooper

**(Declaratory Relief Concerning Who Is An Insured Under Titan Policy)**

40. Plaintiff refers to paragraphs 1 through 39, inclusive, and by reference makes them a part hereof.

41. There is presently a controversy between Titan and defendant Latoya Cooper as follows: Titan contends that defendant Latoya Cooper does not qualify as an Insured for Uninsured Motorist Coverage under the Titan policy as she was not

residing with Moses Cooper at the time of the accident. Titan is informed and believes, and thereon alleges that, defendant Latoya Cooper contends otherwise.

42. Accordingly, Titan requests this court to declare that defendant Latoya Cooper's claim in connection with the Collision does not qualify for coverage under the Uninsured Motorist Coverage of the Titan policy since defendant Latoya Cooper does not qualify as an Insured under the Titan policy.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Titan prays for judgment in its favor and against defendants as follows:

1. For a judicial declaration that rescission of the Titan policy is proper and that said rescission applies, *ab initio*, barring any obligations on the part of Titan, other than returning all premium paid, and precluding coverage for all claims, including the claim by defendant Latoya Cooper;

2. For a judicial declaration that due to the lack of cooperation required under the policy, Titan owes no duty to defendant Latoya Cooper and there is no coverage available for defendant Latoya Cooper's claim under the Titan policy;

3. For a judicial declaration that defendant Latoya Cooper does not qualify as an Insured under the Titan policy issued to Named Insured Moses Cooper, since she was not a resident of his household at the time of the accident; thus, there is no coverage for the claim made by defendant Latoya Cooper;

4. For costs of suit herein; and

5. For any other and further relief that the Court deems just and proper.

DATED: March 6, 2013          SELMAN BREITMAN LLP

By: _____
JAN L. POCATERRA
ANGELA ZANIN-WOG
Attorneys for Plaintiff
TITAN INDEMNITY COMPANY

# EXHIBIT A



# TITAN INSURANCE COMMERCIAL AUTO

HIGHPOWER INSURANCE SERVICES
Agency Code: 1043323
7144 OREGON ST
FONTANA, CA 92336
(909) 709-4327

MOSES COOPER
Policy #: 9493986
11638 BILTMORE AVE
LAKE VIEW TERRACE, CA 91342
323-273-6890

## GARAGING LOCATION AND DRIVER AFFIDAVIT

The applicant acknowledges that the accurate reporting of Garaging Address(es) and Driver Information on the application for insurance is significant and important to the insurance company in making a decision to extend an offer of insurance to me.

**PROVIDING A FALSE GARAGING LOCATION OR FAILURE TO DISCLOSE ALL DRIVERS MAY RESULT IN A CLAIM BEING DENIED.**

The applicant affirms that the Garaging Address(es) listed in the application is/are accurate.

The applicant further affirms that all Driver Information listed on the application is accurate.

Applicant Signature: *Moses Cooper*     Date: 03/02/2011

JAN L. POCATERRA (SBN 134247)
jpocaterra@selmanbreitman.com
ANGELA ZANIN-WOG (SBN 229149)
azaninwog@selmanbreitman.com
SELMAN BREITMAN, LLP
11766 Wilshire Blvd., Suite 600
Los Angeles, CA 90025 (310) 445-0800
Attorney for Plaintiff, TITAN INDEMNITY CO.


COPY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITAN INDEMNITY COMPANY, a Texas Corporation<br><br>PLAINTIFF(S)<br>v.<br><br>MOSES COOPER, an individual, and LATOYA COOPER, an individual,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV13-01619-SH**<br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ ____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Jan Pocaterra, Esq., Angela Zanin-Wog, Esq.</u>, whose address is <u>11766 Wilshire Blvd., 6th Fl., Los Angeles, Ca 90025</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: MAR - 6 2013

Clerk, U.S. District Court

By: MARILYN D_____
Deputy _____
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*


American LegalNet, Inc.
www.FormsWorkFlow.com

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| TITAN INDEMNITY COMPANY | MOSES COOPER, an individual, and LATOYA COOPER, an individual |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Jan Pocaterra, Esq., (SBN 13427)<br>Angela Zanin-Wog, Esq., (SBN 229149)<br>Selman Breitman, LLP<br>11766 Wilshire Blvd., 6th Floor<br>Los Angeles, CA 90025 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only**
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Recission and Declaratory Relief under California law.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☒ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | Habeas Corpus: | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | TORTS | TORTS | ☐ 530 General | SOCIAL SECURITY |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | PERSONAL INJURY | PERSONAL PROPERTY | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | Other: | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | BANKRUPTCY | ☐ 560 Civil Detainee Conditions of Confinement | FEDERAL TAX SUITS |
| ☐ 890 Other Statutory Actions | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | FORFEITURE/PENALTY | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | LABOR | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | REAL PROPERTY | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:  Case Number: **CV13-01619**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                                    CIVIL COVER SHEET                                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Texas |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** /s/ Jan Tomlina  DATE: 3/6/13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |